**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

GUY McEACHIN,

                Plaintiff,

   v.                                        No. 03-CV-1442 (LEK/DRH)

DR. G. FARUKI, Psychiatrist,

                Defendant.

---

**APPEARANCES:**    **OF COUNSEL:**

GUY McEACHIN
Plaintiff Pro Se
No. 00-A-5257
Attica Correctional Facility
Post Office Box 149
Attica, New York 14011

HON. ELIOT SPITZER    KATE H. NEPVEU, ESQ.
Attorney General for the    Assistant Attorney General
 State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

Plaintiff pro se, Guy McEachin ("McEachin"), an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendant Dr. G. Faruki ("Faruki"), a psychiatrist at DOCS' Great Meadow Correctional Facility ("Great Meadow"), violated his constitutional rights under the Fifth, Eighth and Fourteenth Amendments. Compl. (Docket No. 1). Presently

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

pending is Faruki's motion for summary judgment pursuant to Fed. R. Civ. P. 56. Docket No. 20. For the following reasons, it is recommended that Faruki's motion be granted.

## I. Background

The facts are presented in the light most favorable to McEachin as the non-moving party. See Ertman v. United States, 165 F. 3d 204, 206 (2d Cir. 1999).

In 1989, McEachin was diagnosed with antisocial personality disorder. Docket No. 24, Ex. A at 341. Since that time, McEachin has been seen repeatedly by health professionals from DOCS and the New York State Office of Mental Health ("OMH"). See Def. Statement of Material Facts (Docket No. 22) at ¶¶ 8-51.

On October 14, 2003, McEachin was transferred to Great Meadow's Residential Crisis Treatment Program ("RCTP"). Id. at ¶ 50. On October 16, McEachin was examined by Faruki for the first time and complained of depression and trouble sleeping. Id. at ¶¶ 52-54. Faruki prescribed Remeron for the depression and poor sleeping and a small dose of Risperdal to treat McEachin's anger. Id. at ¶¶ 54-57. On October 20, during an examination with Faruki, McEachin threatened to harm himself if he was returned to Upstate Correctional Facility ("Upstate"). Compl. at ¶ 5. After Faruki determined that there was no clinical justification to keep McEachin at RCTP, McEachin was transferred back to Upstate. Def. Statement of Material Facts at ¶ 65.

On or about November 12, 2003, McEachin swallowed pieces of a razor blade and required medical attention. Id. at ¶ 66; Compl. at ¶ 7. Shortly thereafter, McEachin was again transferred to RCTP. Def. Statement of Material Facts at ¶ 69. McEachin was again

2

examined by Faruki but was released on November 24 after exhibiting no evidence of delusions or suicidal intent.  Id. at ¶¶ 73-75.  Since his November 24, 2003 release, McEachin has made no further attempt at self-harm.  Id. at ¶ 80.  This action followed.

## II. Failure to Respond

Faruki's notice of motion warned McEachin that his failure to respond to their motion by setting forth specific facts demonstrating a genuine issue of fact would result in this Court treating the facts asserted by defendant as true and that the motion might be granted absent a response from McEachin.  Docket No. 20.  Despite this notice, two separate extensions of time for filing a response, and orders issued by the undersigned warning of the same consequences for failure to respond (Docket Nos. 25, 27), McEachin has failed to respond to the motion.[2]

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically."  Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996).  Even in the absence of a response, defendants are entitled to summary judgment only if the material facts demonstrate their entitlement to judgment as a matter of law.  Id.; Fed. R. Civ. P. 56(c).  Because McEachin has not responded to raise any question of material fact, however, the facts as set forth in Faruki's Rule 7.1 Statement of Facts (Docket No. 22) are accepted as true.  Adirondack Cycle & Marine, Inc. v. American Honda Motor Co., No. 00-CV-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).

---

[2] On January 10, 2006, McEachin requested a third extension of time, which was denied.  Docket No. 28.

3

## III.  Summary Judgment Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).  All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment. Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).  When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude. Id.[3]  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement

---

[3]Although entitled to such special solicitude, McEachin nevertheless has substantial litigation experience, having filed at least eleven other actions in the federal courts of New York since 2000.  U.S. Party/Case Index (visited Feb. 8, 2006)  <http://pacer.uspci.uscourts.gov/cgi-bin/dquery.pl>.

is that there be no genuine issue of material fact. Anderson, 477 U.S. at 247-48.

## IV. Discussion

McEachin asserts three causes of action in his complaint. The first and third allege that Faruki violated his right to due process under the Fifth and Fourteenth Amendments. Compl. at ¶ 7. The second and third allege that Faruki was deliberately indifferent to McEachin's serious medical needs. Id. Faruki seeks summary judgment on all claims.

### A. Medical Care

A prisoner advancing an Eighth Amendment claim for denial of medical care must allege deliberate indifference to a serious medical need. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). More than negligence is required but less than "conduct undertaken for the purpose of causing harm." Hathaway, 37 F.3d at 66. The test for a § 1983 claim is twofold. First, the prisoner must show that there was a sufficiently serious medical need. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998); Hathaway, 37 F.3d at 66. Second, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Chance, 143 F.3d at 702. Prison officials "who actually knew of the substantial risk to inmate health and safety may be found free from liability if they reasonably responded to the risk, even if the harm ultimately was not avoided." Farmer v. Brennan, 511 U.S. 825, 844 (1994).

A serious medical need is "one that has been diagnosed by a physician as requiring

treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (citing Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)).  An impairment that a reasonable doctor or patient would find important and worthy to treat, a medical condition that affects the daily activities of an individual, and the existence of chronic and substantial pain are all factors that are relevant in the consideration of whether a medical condition was serious. Chance, 143 F.3d at 702-03.

Deliberate indifference requires the prisoner to prove that the prison official knew of and disregarded the prisoner's serious medical needs. Chance, 143 F.3d at 702.  Mere disagreement over proper treatment does not create a constitutional claim as long as the treatment was adequate. Id. at 703; Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990).  Allegations of malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness. Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998); Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

Here, McEachin alleges that by prescribing him a "medication that can cause brain damage" and failing to provide adequate medical facilities, Faruki was deliberately indifferent to his medical needs.  However, McEachin fails to demonstrate that he suffered from a serious medical need.  Although McEachin was diagnosed with antisocial personality disorder, this condition does not constitute a serious medical illness. See Cherry v. Litscher, No. 02C-71-C, 2002 WL 32344434, at *3 (W.D. Wis. June 10, 2002) ("The mental health profession does not view [antisocial personality disorder] as a serious medical illness").

McEachin also fails to allege any adverse effects from the drugs prescribed by Faruki,

6

stating only that the medication "<u>can</u> cause brain damages (defect), shortness of breath, and rapid heart beat after any movement." Compl. at ¶ 6 (emphasis added). Further, there is no evidence that McEachin has suffered, or is likely to suffer, any serious medical condition as a result of the treatment given by Faruki. Thus, McEachin fails to offer any evidence that the treatment by Faruki resulted in a serious medical condition or that Faruki acted with deliberate indifference to a serious medical need.

Therefore, it is recommended that Faruki's motion on this ground be granted as to McEachin's second and third causes of action.

### B. Substantive Due Process

McEachin contends that Faruki violated his substantive due process rights under the Fifth and Fourteenth Amendments. "Substantive due process protects [individuals] against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is 'incorrect' or 'ill-advised'." <u>Kaluczky v. City of White Plains</u>, 57 F.3d 202, 211 (2d Cir.1995). McEachin has failed to allege any facts that indicate that Faruki's medical examination or treatment recommendations were anything more than incorrect or ill-advised. There is no evidence in the record to indicate that Faruki's examination or treatment plan was arbitrary or conscience-shocking.

Therefore, it is recommended that Faruki's motion on this ground be granted as to McEachin's first and third causes of action.

### C. Qualified Immunity

Faruki also contends that he is entitled to qualified immunity. Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982); <u>Aiken v. Nixon</u>, 236 F. Supp. 2d 211, 229 (N.D.N.Y. 2002), <u>aff'd</u>, 80 Fed.Appx. 146 (2d Cir. Nov. 10, 2003). A court must first determine that if plaintiff's allegations are accepted as true, there would be a constitutional violation. Only if there is a constitutional violation does a court proceed to determine whether the constitutional rights were clearly established at the time of the alleged violation. <u>Aiken</u>, 236 F. Supp. 2d at 230. Here, as discussed <u>supra</u>, accepting all of McEachin's allegations as true, he has not shown that Faruki violated his constitutional rights.

Therefore, in the alternative, Faruki's motion for summary judgment on this ground should be granted as to all of McEachin's causes of action.

### V.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that Faruki's motion for summary judgment (Docket No. 20) be **GRANTED** as to all causes of action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health and Human Servs. 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 9, 2006
      Albany, New York

                                                        /s/ David R. Homer
                                                  United States Magistrate Judge